# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| JEREMY DANIEL CAHILL | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-00228 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title II and Title XVI of the Social Security Act on November 3, 2011, claiming entitlement to disability benefits due to depression and anxiety disorder . Plaintiff's application was denied initially on February 14, 2012, and on reconsideration on April 16, 2012. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on November 7, 2012. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Suzette Skinner, testified.

On February 11, 2013, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on February 7, 2014. Therefore, the February 11, 2013 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

1

# ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since October 8, 2011, the alleged onset date (20 C.F.R. 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: depression and anxiety disorder (20 C.F.R. 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertion levels but with the following nonexertional limitations: The claimant has the ability to understand, remember, and carry out only simple instructions, attend and concentrate for 2 hours at a time, interact adequately with coworkers and supervisors, and respond appropriately to changes in routine work settings.

6. The claimant is capable of performing past relevant work as a Price Marker (DOT#209.587-034/SVP 2/light) and Roustabout (DOT#939.687-018/SVP 1/very heavy). This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 8, 2011, through the date of this decision (20 C.F.R. 404.1520(f) and 416.920(f)).

(Tr. 11-18).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step (and alternatively at the fifth step).

## ANALYSIS

Plaintiff brings several points of error primarily focusing on the ALJ's failure to recognize in his opinion that Plaintiff had a paranoid personalty disorder which should have been evaluated as a severe impairment. Plaintiff also challenges the ALJ's finding that Plaintiff did not meet the C criteria on the severe impairments found and that the ALJ did not consider Plaintiff's social functioning in determining his RFC. Plaintiff also faults the ALJ in adopting the RFC of the State Agency medical consultant.

According to Plaintiff's brief, Plaintiff walks 300 steps to his mailbox, and if he goes farther than 300 steps, he starts throwing up; he always has mirrors around him so he can see if someone is following him; he thinks his son follows him with a knife; he and he and his cat frequently dive under a table if some perceived danger occurs, and he is constantly followed by "Jack" who no one other than the Plaintiff can see.

When questioned by Plaintiff's counsel, Plaintiff's wife stated that Plaintiff spent most of the day on his computer and cooking (Tr. 49). She stated that both she and her husband check the locks on the doors regularly (Tr. 50). She also testified that many of the security precautions were undertaken not only to keep people from looking in or coming in but also to keep their autistic child in the apartment (Tr. 51). She also testified that Plaintiff has mirrors all over the house (Tr. 51). She says Plaintiff has jumped under chairs when there is a loud noise, and on other occasions she was not sure why he jumped under chairs (Tr. 54).

At step two of the sequential evaluation process, the ALJ "must consider the medical severity of [the claimant's] impairments." 20 C.F.R. § 404.1520(a)(4)(ii),(c) (2012). To comply with this regulation, the ALJ "must determine whether any identified impairments are 'severe' or 'not

severe.'" *Herrera v. Camber of Soc. Sec.,* 406 F. App'x 899, 903 (5th Cir. 2010). Pursuant to the Commissioner's regulations, a severe impairment is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

The Fifth Circuit has held that an impairment is not severe "only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler,* 752 F.2d 1099, 1101, 1104–05 (5th Cir. 1985). Accordingly, to meet the severity threshold at step two, "the claimant need only ... make a *de minimis* showing that her impairment is severe enough to interfere with her ability to do work." *Anthony v. Sullivan,* 954 F.2d 289, 294 n. 5 (5th Cir. 1992) (citation omitted). "Because a determination [of] whether an impairment[ ] is severe requires an assessment of the functionally limiting effects of an impairment[ ], [all] symptom-related limitations and restrictions must be considered at this step." Social Security Ruling (SSR) 96–3P, 1996 WL 374181, at *2 (S.S.A. July 2, 1996). Ultimately, a severity determination may not be "made without regard to the individual's ability to perform substantial gainful activity." *Stone,* 752 F.2d at 1104. "The ALJ has a duty to develop facts fully and fairly, but reversal is appropriate only if the applicant shows that he was prejudiced." *Andablo v. Astrue,* 2012 WL 4893215, at *4 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *Ripley v. Chater,* 67 F.3d, 552, 557 (5th Cir.1995)) (internal quotation marks omitted). "The ALJ's duty to investigate, though, does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the record." *Leggett,* 67 F.3d at 566. Further, to support a remand based on a failure to fully develop the record, a disability claimant must show that the ALJ's failure to develop the record prejudiced the claimant. *Carey v. Apfel,* 230 F.3d 131, 142 (5th Cir. 2000). Prejudice is established if a claimant shows that she "could and would have adduced

evidence that might have altered the result" reached by the ALJ. *Id.* (citing *Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir. 1984)).

Although the ALJ did not use the correct *Stone* standard, he found that Plaintiff had severe impairments in Affective Disorders and Anxiety Disorders. Although under the regulations, the ALJ is required to determine whether any identified impairments are severe or not severe, a failure to do so is not necessarily a basis for remand where the ALJ proceeds to the later steps of the sequential evaluation process. *See Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987).

Plaintiff has the burden of establishing that he meets the criteria for a step three listing. Plaintiff has failed to do so for Part A and B of 12.08. Even if the ALJ failed to consider 12.08, such would be harmless error in that a finding that Plaintiff did not meet the B criteria for 12.04, and 12.06 would foreclose such a finding under 12.08. If Plaintiff contends that the ALJ erred in not considering a 12.08 listing, then it is incumbent on Plaintiff to identify what criteria he met. *See, e.g., White v. Astrue,* 2012 WL 4866510, at *12 (N.D. Tex. 2012) (finding that substantial evidence supported the ALJ's decision because the claimant failed to argue or provide evidence that he met specific sections of the Listings), *adopted by,* 2012 WL 4868068 (N.D. Tex. 2012); *Garrett v. Astrue,* 2011 WL 6938463, at *8 (N.D. Tex. 2011) (substantial evidence supports ALJ decision where claimant failed to argue or provide evidence that he met the criteria of a Listing), *adopted by,* 2012 WL 11124 (N.D. Tex. 2012); *Lloyd v. Astrue,* 2011 WL 7049451, at *3 (W.D. La. 2011) (ALJ's decision was supported by substantial evidence where "plaintiff has not identified any listing that he purports to meet or equal, nor has he demonstrated that he meets or equals all of the criteria of any given listing"), *adopted by,* 2012 WL 135677 (W.D. La. 2012), *aff'd,* 484 Fed. Appx. 994 (5th Cir. 2012), *cert. denied, —* U.S.—, 133 S.Ct. 1470 (2013); *White v. Astrue,* 2009 WL 4823843, at *2 (M.D. La. 2009) ("plaintiff does not provide the Court with any analysis of the relevant

7

regulations or evidence to support his contention that his impairments meet or medically equal a listed impairment. Further, plaintiff fails to suggest or inform the Court as to the listing or listings his impairments meet. Therefore, the Court finds that plaintiff has failed in his burden at step three.").

The ALJ expressly considered Plaintiff's personality disorder in his analysis (Tr. 14, 15). There was also other medical evidence that discussed Plaintiff's paranoia. Plaintiff makes no argument that the ALJ should have considered a 12.03 listing, and therefore any complaint is waived.

The Court further finds that there is substantial evidence to support the ALJ's assessment that Plaintiff did not meet the C criteria for the listings. The ALJ gave his reasons for considering the C criteria, and based on the ALJ's assessment and the record as a whole, the Court finds no error.

Plaintiff's last two points of error fault the ALJ for failing to fully incorporate his B criteria findings into his RFC. The moderate limitations noted by the ALJ is not an RFC assessment. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *4 (S.S.A. July 2, 1996). Instead, it is used to rate the severity of Plaintiff's mental impairments at steps two and three of the sequential evaluation process. *Id.*

"The mental RFC assessment used at steps four and five of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorder listings in 12.00 of the Listing of Impairments." *Id.* These functions include the consideration of the claimant's abilities to: (1) understand, carry out, and remember instructions; (2) use judgment in making work-related decisions; (3) respond appropriately to supervision, coworkers, and work situations; and (4) deal with changes in a routine work setting. *Id.* at *6; *see also* 20 C.F.R. §§ 404.1545(c), 416.945(c). Moreover, "[w]hile the regulations require the ALJ to evaluate[ ] the limitations imposed by

Plaintiff's mental impairments in certain areas and direct the ALJ to proceed to the RFC determination if Plaintiff's impairments are found severe, the regulations do not specifically require the ALJ to find that the limitations found in evaluating the mental impairment must be word-for-word incorporated into either the RFC determination or the hypothetical question posed to the VE." *Patterson v. Astrue,* 2009 WL 3110205, at *5 (N.D. Tex. 2009).

The ALJ properly discussed the evidence in the record in making the RFC determination, explained the reasoning for the RFC determination, and exercised his responsibility as fact finder in weighing the evidence and in choosing to incorporate limitations into the RFC assessment that were most supported by the record. *Muse v. Sullivan,* 925 F.2d 785, 790 (5th Cir. 1991). Because there is substantial evidence in the record that supports the ALJ's evaluation of Plaintiff's mental impairments as well as his mental RFC assessment, remand is not required.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 27th day of August, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE